CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
July 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case Nos. 1:19CR00021-002 |
| | )            1:19CR00047-008 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **ROBERT LOUIS GRAY OSBORNE,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Whitney D. Pierce*, Assistant United States Attorney, Abingdon, Virginia, for United States; *Nancy C. Dickenson-Vicars*, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.

Robert Louis Gray Osborne has filed a motion to reduce his prison sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his rehabilitative efforts and his mother's health conditions. The government opposes the motion. For the following reasons, the defendant's motion will be denied.*

I.

The defendant was sentenced jointly in these two cases on February 18, 2021, to a total term of 120 months imprisonment following his guilty plea to two counts charging conspiracy to distribute and possess with the intent to distribute 500 grams

---

* The defendant initially filed a pro se motion solely in Case No. 1:19CR00021-002, and after the court appointed counsel, the attorney filed the same supplemental motion in both cases. The motions in both cases will be collectively referred to as the motion.

or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), as well as a count charging possession of a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3). According to Osborne's attorney, Osborne has a projected release date of August 13, 2026. Notice, ECF Nos. 201, 528.

In his present motion seeking a reduction in sentence, the defendant contends that he has been sufficiently rehabilitated and needs to care for his aging mother. He also argues that the 18 U.S.C. § 3553(a) factors weigh in favor of release, including his lack of danger to the community based on his age of 53. The government responds that Osborne has not exhausted his administrative remedies, that his circumstances do not qualify as extraordinary and compelling, and that although he has engaged in prison programming, it is not the sort of programming that necessarily demonstrates rehabilitation. The government also contends that his prior failure to comply with pretrial release and his attempt to smuggle tobacco into the prison indicate that the need for deterrence under § 3553(a) has not been met.

The motion has been fully briefed and is ripe for decision.

## II.

It appears that Osborne has exhausted his administrative remedies, and I will thus proceed to analyze the merits of his motion.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The defendant's sentence may be reduced due to family circumstances if the defendant's parent is incapacitated, and he is the only available caregiver. U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(C) (U.S. Sent'g Comm'n 2024). In addition, the court may consider any other circumstances or combination of circumstances that are similar in gravity. *Id.* § 1B1.13(b)(5). Even if the court finds an extraordinary and compelling reason for release, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

The health issues of the defendant's mother and the defendant's rehabilitation do not constitute extraordinary and compelling circumstances. The defendant's mother is 72 years old and suffers from a range of health concerns that include hypertension and chronic kidney disease. The letter from the defendant's mother indicates that her health conditions cause problems for managing her daily activities. However, while the court has sympathy for her conditions, it is not clear that she is incapable of providing for her daily needs to the point where she is incapacitated. Her medical records provided indicate her compliance with her medications, her lack of side effects from those medicines, and the lack of ER visits or hospital admissions.

Thus, I cannot conclude that his mother's health constitutes a compelling and extraordinary circumstance.

Similarly, the defendant's rehabilitation efforts and resulting lower risk for recidivism do not constitute a compelling and extraordinary circumstance. The defendant's involvement with prison programming is commendable, and the court takes into consideration the defendant's contention that certain programming may have been unavailable or challenging to obtain. Even so, I cannot conclude that the various sports and fitness programs in which the defendant took part and his low risk for recidivism qualify as extraordinary and compelling circumstances that warrant relief.

Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.

III.

Accordingly, it is **ORDERED** that the motion, Case No. 1:19CR00021-002, ECF Nos. 169 and 179, and Case No. 1:19CR00047-008, ECF No. 528, is DENIED.

ENTER: July 31, 2025

/s/  JAMES P. JONES
Senior United States District Judge